The Honorable John H. Chun

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D'ARIUS AKIM JACKSON,<br><br>Defendant. | NO. CR-23-090-02 JHC<br><br>UNITED STATES' SENTENCING MEMORANDUM |

D'Arius Jackson participated in a scheme to defraud nearly every major federal pandemic assistance program of more than $6.8 million through the submission of more than 125 fraudulent applications and claims. Jackson personally defrauded the U.S. Department of Treasury's Emergency Rental Assistance program administered through the King County Eviction Protection and Rental Assistance Program; the Paycheck Protection Program administered by the U.S. Small Business Administration (SBA); and the Economic Injury Disaster Loan Program administered by the SBA. In total, Jackson sought at least $457,637 and obtained at least $436,667 in pandemic assistance that should have gone to King County tenants on the verge of eviction and small businesses suffering from the economic impact of the COVID-19 pandemic. He systematically

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

laundered and used funds intended to support those in need for expenses such as a Porsche Panamera, diamond jewelry, gambling, and kickback payments to his sister and co-defendant Paradise Williams.

The United States recommends that the Court sentence Jackson to 63 months of imprisonment, followed by five years of supervised release. Jackson exploited multiple assistance programs during a national emergency and committed this offense while he was on state probation. This sentence is necessary to reflect the serious nature of the offense and to deter Jackson and others from engaging in similar conduct. The Court should further order Jackson to pay restitution in the amount of $436,667, as agreed upon in the Plea Agreement.

The government is recommending a below-Guideline sentence in this case because while Jackson's criminal history is extraordinary, his Criminal History Category (CHC) of VI may slightly overstate the severity of his crimes. The recommended 63 months is a low-end Guideline sentence for CHC V. The government also weighed that Jackson was among the first defendants to accept responsibility and enter a guilty plea in this matter.

### I. BACKGROUND

**A. Jackson Stole Funds Intended for Vulnerable King County Residents and Small Businesses.**

As the COVID-19 pandemic economically devasted Americans across the country, the federal government enacted measures to assist small businesses, legitimate workers who lost their jobs because of the pandemic, and tenants who were vulnerable to eviction. Among the earliest measures was federal funding for Economic Injury Disaster Loans (EIDL) of up to $2 million and the Paycheck Protection Program (PPP) for eligible small businesses. PSR at ¶ 15. Jackson, who does not appear to have any form of legitimate income prior to 2020, saw each of these assistance programs as opportunities for self-enrichment.

Approximately three months after presidential declarations of a nationwide emergency and major disasters in every state, on July 12, 2020, Williams submitted a

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

fraudulent EIDL application using Jackson's identity with his permission. PSR at ¶ 23. Jackson falsely claimed he was a sole proprietor of a hair and nail salon with seven employees as of January 31, 2020 and gross revenue of $6,800 for the year prior to January 31, 2020. *Id.* The application directed the loan proceeds to be deposited into Jackson's bank account. Dkt. 122, Plea Agreement at ¶ 8.z. Jackson's application was denied because he did not meet the program's credit score requirement. PSR at ¶ 23.

Less than a year later, on about May 14, 2021, Williams submitted a fraudulent PPP application using Jackson's identity with his permission. *Id.* at ¶ 24. The application claimed Jackson was a sole proprietor of a food delivery business that began on January 1, 2020, with a gross income of $100,000. *Id.* All of these representations were false, and Williams created a fake bank statement in support of the application. Dkt. 122 at ¶ 8.u. On June 14, 2021, the application was funded for $20,832 (the maximum allowed for a sole proprietorship with no employees), and the proceeds were deposited into Jackson's bank account. *Id.*; PSR at ¶ 24.

In the fall of 2021, Williams began defrauding the King County Eviction Protection and Rental Assistance Program (EPRAP), which had received over $300 million in federal Emergency Rental Assistance funds and state grants to help King County residents facing the loss of basic housing security as a result of the COVID-19 pandemic. A few months later, Jackson joined the scheme, and text messages between Jackson and Williams indicate that Jackson played a proactive role in executing the fraud:

| Timestamp: Time | From | To | Text |
|---|---|---|---|
| 1/13/2022 10:16:43 AM(UTC-8) | **JACKSON** | WILLIAMS | **You're moving at a very slow Pace speedy** |
| 1/13/2022 10:38:18 AM(UTC-8) | **JACKSON** | WILLIAMS | **Send me another address rent amount utilities bedrooms** |
| 1/13/2022 10:38:36 AM(UTC-8) | **JACKSON** | WILLIAMS | **Please** |
| 1/13/2022 10:44:18 AM(UTC-8) | WILLIAMS | JACKSON | She's sending doc sign for the other one |
| 1/13/2022 10:45:02 AM(UTC-8) | **JACKSON** | WILLIAMS | **Ok** |

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Timestamp: Time | From | To | Text |
|---|---|---|---|
| 1/13/2022 10:45:53 AM(UTC-8) | **JACKSON** | WILLIAMS | **We have like 5 waiting in my name** |
| 1/13/2022 10:47:40 AM(UTC-8) | WILLIAMS | JACKSON | What's Alex last name |
| 1/13/2022 10:48:44 AM(UTC-8) | **JACKSON** | WILLIAMS | **Spilbury** |
| 1/13/2022 11:02:00 AM(UTC-8) | WILLIAMS | JACKSON | Alex is 30 what did we say his rent was ? |
| 1/13/2022 11:05:27 AM(UTC-8) | WILLIAMS | JACKSON | I don't think she did his math right but I'm not bout to go back and forth just send the money 😂 |
| 1/13/2022 11:10:16 AM(UTC-8) | **JACKSON** | WILLIAMS | **It'll just send it** |
| 1/13/2022 11:10:32 AM(UTC-8) | **JACKSON** | WILLIAMS | **It should be there tomorrow too right?** |
| 1/13/2022 11:10:48 AM(UTC-8) | WILLIAMS | JACKSON | No way |
| 1/13/2022 11:10:52 AM(UTC-8) | WILLIAMS | JACKSON | Next week |
| 1/13/2022 11:12:33 AM(UTC-8) | **JACKSON** | WILLIAMS | **OK but the other one we did should be depositing tomorrow right** |
| 1/13/2022 11:12:43 AM(UTC-8) | **JACKSON** | WILLIAMS | **Lol** |
| 1/13/2022 11:14:19 AM(UTC-8) | WILLIAMS | JACKSON | Yeah I'm sending to your bank like I did last time so be aware lol |

Over the course of several weeks in January 2022, the pair filed at least 11 fraudulent applications using Jackson's alias "Akim Jackson" and co-defendant David Martinez's names as landlords. PSR at ¶ 25. Williams generated fake documents, including ledgers and landlord attestations, that were submitted to support the applications. *Id.* Jackson and Martinez impersonated landlords and tenants associated with the fraudulent applications. *Id.* The applications sought at least $$433,395 and caused King County to pay at least $415,845 in Emergency Rental Assistance funds to Jackson's and Martinez's bank accounts. Dkt. 122 at ¶ 8.m.

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In summary, over the course of approximately 18 months, Jackson repeatedly defrauded federal pandemic assistance programs, seeking a total of $457,637, and causing at least $436,667 in emergency rental and small business assistance to be fraudulently disbursed.  PSR at ¶ 22.  In each instance, Jackson acted in concert with Williams, to whom he paid kickback payments.  Upon receipt of the criminal proceeds, Jackson methodically laundered the funds through cash withdrawals, wire transfers, and expensive purchases.  Dkt. 122 at ¶ 8.f.

B.	**Jackson Stole Pandemic Assistance to for Luxury Items and Gambling.**

In addition to the kickback payments Jackson paid Williams, Jackson used stolen pandemic aid to gamble and purchase luxury items such as diamond jewelry, designer clothing, and a Porsche Panamera:



Particularly egregious is the fact that Jackson attempted to obfuscate his ownership of the Porsche by registering it in the identity of a female associate.  PSR at ¶ 27.  Jackson used the same identity to in fraudulent applications for pandemic aid.  *Id.*

C.	**Jackson's Continuous Criminal Activity is Extraordinary.**

Although the government concedes that a CHC of VI may overstate the severity of Jackson's crimes, the continuous nature of Jackson's criminal activity is exceptional.  As detailed in the PSR, Jackson's 24 adult convictions generally consist of unlawful

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

possession of firearms, assault, obstruction of justice, and driving offenses, many of which are felonies. *See id.* at ¶ 54-77. It appears that the longest sentence he has received was 12.75 months of custody in 2017 for unlawful possession of a firearm, and his most recent sentence in 2018 was 214 days of custody for driving under the influence and making a false statement to law enforcement. *Id.* at ¶¶ 75-77. These terms of incarceration and opportunities to reform under Drug Offender Sentencing Alternative (DOSA) sentences have not deterred Jackson from criminality. *See also* Probation Sentencing Recommendation at 6. Moreover, during Pretrial Service's investigation concerning Jackson's detention pending trial, the Department of Corrections reported that Jackson violated all six terms of supervision he has had since 2007. In fact, Jackson was under state supervision at the time of his offenses in this case.

## II.   PROCEDURAL HISTORY

On May 31, 2023, the Grand Jury returned a 26-count indictment, charging Paradise Williams, D'Arius Jackson, Jahri Cunningham, Tia Robinson, Rayvon Peterson, and David Martinez with various counts of wire fraud in connection with a presidentially declared emergency or major disaster, in violation of 18 U.S.C. § 1343; and money laundering. Dkt. 1. Williams was charged with all 19 counts of wire fraud (Counts 1-19) and two counts of money laundering (Counts 25-26) for the purchase of two luxury vehicles. Jackson was charged with five counts of wire fraud (Counts 3, 7, 15, 18, 19) and one count of concealment money laundering, in violation of 18 U.S.C. 1956(a)(1)(B)(i) (Count 23).

On June 5, 2023, Jackson was arrested in Tacoma. Following his arrest, Jackson initially agreed to speak with federal agents but declined to answer questions after being advised of the charges he faced. He only stated, "You know what you know."

On October 26, 2023, Jackson pled guilty to wire fraud as charged in Count 19, becoming the second defendant in this case to plead guilty. Dkt. 120-23.

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III. SENTENCING GUIDELINES CALCULATIONS

The United States agrees with the Probation Office on the Sentencing Guidelines calculations and has no objections to the facts contained in the PSR.

The following calculation applies to wire fraud as charged in Count 10:

| Item | Guideline | Adjustment |
|---|---|---|
| Base | 2B1.1(a)(1) | +7 |
| Intended Loss in Excess of $250,000 | 2B1.1(b)(1)(G) | +12 |
| Sophisticated Means | 2B1.1(b)(10) | +2 |
| Theft of Major Disaster or National Emergency Benefits | 2B1.1(b)(12) | +2 |
| Acceptance | 3E1.1 | -3 |
| **Total** | | **20** |

*See* PSR at ¶¶ 36-47.

The defendant's total criminal history score is 14, which correlates with a criminal history category of VI. *Id.* at ¶ 80. The resulting Guidelines range is 70 to 87 months of imprisonment. *Id.* at ¶ 148.

## IV. SENTENCING RECOMMENDATION

The United States recommends that the Court impose a term of imprisonment of 63 months, followed by five years of supervised release.

For the reasons set forth below, this recommendation is appropriate given "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to ensure adequate general deterrence, and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C).

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**A.    The Nature and Circumstances of the Offense—Jackson's Exploitation of Multiple Pandemic Assistance Programs During an Unprecedented National Emergency is an Aggravating Factor.**

Because nearly four years have lapsed since the onset of the COVID-19 pandemic, it is easy to forget the chaotic, desperate, and dire circumstances facing our nation and our government's attempts to stem the catastrophic economic impact of the COVID-19 pandemic. Schools, businesses, and restaurants shuttered, while hospitals were overwhelmed with patients dying of COVID-19.[1] In 2020, a safe and effective COVID-19 vaccine was unfathomable to most. Yet, Jackson saw the pandemic and its consequences not as a public health catastrophe but as an opportunity to continue perpetrating crimes even while he was on probation.

**Emergency Rental Assistance.** To mitigate the spread of COVID-19, federal, state, and local governments—including Washington and cities in King County—enacted eviction moratoriums that ensured residents remained housed during the global pandemic. The moratoriums were intended to assist the millions of Americans facing financial hardship. The last federal moratorium ended on October 3, 2021; Washington's statewide moratorium ended on October 31, 2021; and Seattle's moratorium ended on January 15, 2022.

In anticipation of exacerbating existing housing crises amidst the ongoing pandemic when the moratoriums ceased, the U.S. Department of Treasury began disbursing Emergency Rental Assistance Program funds to state, local, and tribal governments in early 2021. From March 2021 through 2022, Washington State and local governments, including King County, received over $900 million in federal emergency rental assistance. Nevertheless, the administrating agencies acknowledged that there was insufficient funding to help every household who qualified, thus, the screening criteria

---

[1] *See, e.g.,* Cha, Ariana, "Faced with a crush of patients, besieged NYC hospitals struggle with life-or-death decisions," *The Washington Post* (Mar. 31, 2020), *available at* https://www.washingtonpost.com/health/2020/03/31/new-york-city-hospitals-coronavirus/.

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

was intended to target those most likely to become homeless but for the assistance. Even so, during the first two years of the pandemic, between 2020 and 2022, the homeless population in Washington State increased by approximately 10%.[2]

Jackson looted scarce resources available to assist those on the brink of eviction during a national emergency. Every dollar Jackson diverted from the Emergency Rental Assistance Program for his luxury purchases should have been used to keep a King County resident housed through the winter of 2021 and 2022.

**Small Business Assistance.** In July 2020, when Jackson authorized Williams to file his fraudulent EIDL application for funds intended to assist small businesses, American business owners had seen their livelihoods vanish overnight, an unprecedented occurrence in our nation's history and a far more severe economic impact than the 1918 influenza.[3] In fact, in July 2020, only approximately half of small businesses were fully open and most worried about having to permanently close due to prolonged closures.[4] Although Jackson did not succeed in obtaining EIDL funds, he contributed to the onslaught of fraudulent claims that clogged the infrastructure in place to distribute aid and delayed or denied genuine small business owners assistance.[5]

In March 2021, approximately two months before Jackson authorized Williams to submit a fraudulent PPP application in his identity, SBA expanded eligibility and increased minimum award amounts for self-employed individuals seeking forgivable PPP loans. These changes were intended to assist gig workers and independent contractors

---

[2] U.S. Dep't of Housing and Urban Development, "The 2022 Annual Homelessness Assessment Report to Congress," (Dec. 2022) at 109, *available at* https://www.huduser.gov/portal/sites/default/files/pdf/2022-AHAR-Part-1.pdf.
[3] Bartik, Alexander, et al., "How Are Small Businesses Adjusting to COVID-19? Early Evidence From a Survey," *Nat'l Bureau of Economic Research* (Apr. 2020), at 3, 8, *available at* https://www.nber.org/system/files/working_papers/w26989/w26989.pdf.
[4] U.S. Chamber of Commerce, "July 2020 Small Business Coronavirus Impact Poll" (July 29, 2020), *available at* https://www.uschamber.com/small-business/july-2020-small-business-coronavirus-impact-poll.
[5] *See, e.g.,* Trish Turner, "'Double the number of users' in PPP system as it reopens with more technical issues," ABC News (April 27, 2020), *available at* https://abcnews.go.com/Politics/double-number-users-ppp-system-reopens-technical-issues/story?id=70370289.

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

who were among the workers hardest hit by the pandemic.[6] Jackson's application for PPP funds and his award of $20,832 particularly exploited the vulnerability of gig workers because he claimed to be a food delivery driver when he was either unemployed or working construction. *See* PSR at ¶ 139.

**Sentencing Enhancements.** Notably, both Congress and the Sentencing Commission have endorsed sentencing enhancements during national emergencies and major disasters. *See* 18 U.S.C 1343 (increases maximum penalties to 30 years imprisonment and $1 million fine); USSG § 2B1.1(b)(2)(12) (two-level increase applied for offenses involving disaster fraud). Congress enacted the enhanced statutory penalty for wire (and mail) fraud in response to reports of widespread fraud and abuse in connection to disaster funds disbursed for Hurricanes Katrina and Rita. The Senate Judiciary Committee report noted:

> We want to help ensure that federal money goes to the right people and does not get stolen by criminals posing as victims. Congress wants to provide appropriate recovery and relief resources to affected States, and also ensure that these resources are protected and distributed only to the real victims–not to individuals seeking to take advantage of the disaster.

Senate Report No. 110-69, 110th Cong., 1st Session (May 22, 2007).

In this case, Jackson was a seasoned criminal and under state probation during the COVID-19 pandemic. While the government sought to prioritize the well-being of a suffering nation, Jackson took advantage of the vulnerable period for self-enrichment.

**B.   Defendant's History and Characteristics**

**1.   Jackson's Exceptional Criminal History is an Aggravating Factor.**

As discussed above and detailed in the PSR, Jackson's criminal history is extraordinary. Unfortunately, opportunities for reform under DOSA sentences and

---

[6] Mark Klee et al., "Combining Census Bureau Pulse Surveys Reveals Which Workers Are Hardest Hit by COVID-19," United States Census Bureau (June 30, 2020), *available at* https://www.census.gov/library/stories/2020/06/self-employed-adults-hit-harder-by-pandemic-related-business-downturns-in-hardest-hit-states.html.

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

increasingly longer periods of custody have not deterred Jackson. Jackson's crimes, including the offenses in this case, have continuously victimized our community. Accordingly, a substantial term of prison is necessary.

### 2. Jackson's Luxury Expenditures Are an Aggravating Factor.

As detailed above, Jackson used his criminal proceeds for a Porsche, luxury goods, and gambling. His use of emergency pandemic assistance for these purposes while King County residents on the brink of eviction suffered is egregious.

### C. A Substantial Term of Imprisonment is Necessary to Deter and is Just Punishment for the Offense.

The government's recommendation of 63 months of imprisonment is just punishment for Jackson's conduct, given the facts and circumstances discussed above. The proposed sentence is also necessary to deter Jackson from further criminal behavior and promote rule of law, given his exceptional criminal history despite opportunities to reform. Because this matter is one of the first and largest Emergency Rental Assistance fraud cases in the nation, a substantial term of imprisonment is particularly important for general deterrence.

//
//

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### D. Conclusion

The Court should sentence Jackson to 63 months of imprisonment, followed by five years of supervised release. The Court should further order Jackson to pay $436,667 in restitution, as agreed upon in the Plea Agreement.

Dated: January 29, 2024

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s/ Cindy Chang*
CINDY CHANG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0582
Email: Cindy.Chang@usdoj.gov

United States' Sentencing Memorandum
*United States v. Jackson*, CR23-090-JHC 02 - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970